IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:03cr4-3WJG
CIVIL ACTION NO. 1:05cv470WJG

EDDIE LEE MCDONALD

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Eddie Lee McDonald's motion to vacate, set-aside or correct sentence [82-1] pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On June 5, 2003, McDonald was convicted by a jury for conspiring to possess with intent to distribute more than 50 grams of crack cocaine and possession with intent to distribute between 5 and 50 grams of crack cocaine.  On September 3, 2003, the Court sentenced McDonald to 188 months imprisonment, 5 years supervised release and a $200.00 special assessment.  McDonald appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed the sentence imposed by this Court in its Judgment and Opinion entered separately on July 14, 2004.

On October 14, 2005, McDonald filed the instant motion, seeking to vacate his sentence based on the assertion that he should not have received a 2-level enhancement for possession of a dangerous weapon in connection with a drug trafficking offense because (1) his counsel was

ineffective for failing to investigate the facts surrounding the firearm; and (2) *United States v. Booker,* 125 S. Ct. 738 (2005), and *Blakely v. Washington,* 124 S. Ct. 2531 (2004), make such an enhancement illegal.

McDonald asserts that his counsel was ineffective for failing to investigate the facts surrounding the firearm that formed the basis for his 2-level enhancement. Other than declaring that the firearm was not involved in the drug offenses, McDonald offers no specific facts that his attorney could have uncovered that would have made the 2-level enhancement under U.S.S.G. § 2D1.1(b)91) inapplicable. In addressing the imposition of the 2-level enhancement on appeal, the Fifth Circuit noted:

> A two-level enhancement should be applied "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking offense. § 2D1.1(b)(1). The presentence report showed that a search of McDonald's Ingalls Avenue apartment uncovered a firearm under McDonald's bed in close proximity to a small amount of marijuana. A search of McDonald's Jefferson Street residence uncovered three additional firearms. Testimony at McDonald's trial indicated that he left his Ingalls Avenue apartment carrying a paper bag containing three cookies of crack cocaine on the night he was arrested . . . . The district court did not plainly err by assessing the enhancement."

(Ct. R., Doc. 78, p. 2.) The facts allowing for imposition of the 2-level enhancement were well established, and this Court did not err in assessing the enhancement. The Court finds Counsel's conduct was not deficient.

McDonald offers no evidence to indicate that his attorney was in any way deficient. The Court finds that McDonald has failed to show that his attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 104 S.Ct. 2052 (1984).

McDonald's argument pursuant to *Booker* and *Blakely* is equally without merit. The Fifth Circuit has expressly addressed consideration of *Booker* and *Blakely* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.* The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions). Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review. Consequently, the Court finds that McDonald's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that McDonald's motion to vacate [82-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 1st day of March, A.D., 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE